# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLEN ALEXANDER PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-412-M |
| ) | |
| RONNIE NEAL et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Allen Alexander Parks, a state prisoner appearing pro se and proceeding *in forma pauperis*, filed this civil action alleging that two Oklahoma County Sheriff deputies violated various rights guaranteed to him by the U.S. Constitution. *See* Compl. (Doc. No. 1) at 2-6; Order of Feb. 5, 2016 (Doc. No. 14) at 1-2; Doc. No. 13. United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that Plaintiff's action be dismissed because he has failed to prosecute his case in accordance with this Court's orders and procedural rules.

### Background

Plaintiff filed this action in April 2015 while incarcerated at Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. The Court has not received any mailings from Plaintiff since September 2, 2015. Publicly available records indicate that Plaintiff was released from state custody on September 14, 2015. An Order mailed on February 5,

2016, to Plaintiff's address of record at LCF was returned as undeliverable on February 11, 2016. *See* Doc. No. 15-1 ("Return to Sender / *discharged*.").

On May 18, 2016, the Court gave Plaintiff a final chance to proceed with his lawsuit, ordering Plaintiff to submit a notice of change of address as required by Local Civil Rule 5.4(a), and to supplement his *in forma pauperis* application with information regarding his current financial condition, including any employment, assets, or monies obtained since his apparent release from prison. *See* Order of May 18, 2016 (Doc. No. 16) at 1-2 (citing *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996)). The Court also warned Plaintiff that his failure to comply with this Order by June 2, 2016, could result in the dismissal of this action. *See id.* at 2. This Order was mailed to Plaintiff at his address of record at LCF and returned to the Court as undeliverable on May 25, 2016. *See* Doc. No. 17-1 ("RTS / Released 9/14/2015.").

Analysis

This Court has inherent authority to clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). "Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from courts' calendars where there has been prolonged and unexcused delay," *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988), or to "sanction a party for failing to prosecute . . . or for failing to comply with local or federal procedural rules," *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted). "When dismissing a case without prejudice, a district court

may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (citing Fed. R. Civ. P. 41(b)).

Plaintiff was warned when he filed this action that he must promptly notify the Court in writing any time his mailing address changes while his lawsuit is pending. *See* Notice of Mailing LCvR 5.4 (docket entry of Apr. 17, 2015). Plaintiff was also warned on May 18, 2016, that his failure to comply with this Court's orders and specific procedural rules by a date certain may result in his case being dismissed. *See* Order of May 18, 2016, at 2. Despite being given ample opportunity to do so, Plaintiff has not taken the steps necessary to prosecute his case. *See, e.g.*, *Robledo-Valdez*, 593 F. App'x at 774. Plaintiff's failure to comply with the Court's orders and deadlines leaves the Court unable to "achieve [an] orderly and expeditious" resolution of this action. *Link*, 370 U.S. at 631; *see* LCvR 5.4(a).

## Recommendation

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice.

## Notice of Right to Object

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 14, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 23rd day of June, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE